*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1006**

Sarah Elizabeth LeBlanc,
Appellant,

vs.

Alonzo Marell Lee,
Respondent.

**Filed March 7, 2016
Affirmed
Johnson, Judge**

Hennepin County District Court
File No. 27-CV-14-18661

Bethany M. Gullman, Daniel J. Barta, Faegre Baker Daniels, LLP, Minneapolis, Minnesota (for appellant)

Alonzo Marell Lee, Bloomington, Minnesota (pro se respondent)

Considered and decided by Johnson, Presiding Judge; Connolly, Judge; and Kirk, Judge.

## U N P U B L I S H E D   O P I N I O N

**JOHNSON**, Judge

Sarah Elizabeth LeBlanc petitioned for a harassment restraining order that would have forbidden Alonzo Marell Lee from having any contact with her or two of her children. The district court denied the petition after finding that Lee had not engaged in harassment of LeBlanc or her children. LeBlanc challenges some of the district court's findings of

historical fact as well as the district court's ultimate finding that harassment did not occur. We affirm.

**FACTS**

LeBlanc and Lee had an on-and-off intimate relationship that began in the mid-1990s and ended sometime between 2001 and 2012. Their relationship produced one biological child, S., a daughter who was born in 1996 and was 19 years old at the time of district court proceedings. LeBlanc also has four other children, including two sons: Ja., who was born in 2003 and was eleven years old during district court proceedings, and Jo., who was born in 2004 and was ten years old during district court proceedings. Lee developed a close relationship with Ja. and Jo. during the periods of time when he was in an intimate relationship with LeBlanc. But in 2014, LeBlanc moved into the home of her fiancé, T.S., where they live with several children, including Ja. and Jo. and an infant who is a biological child of LeBlanc and T.S.

In November 2014, LeBlanc petitioned for a harassment restraining order (HRO) to prevent Lee from having any contact with her, Ja., or Jo. In her petition, LeBlanc alleged that Lee had made unwelcome attempts to contact her and the two children on several occasions. Most of her allegations are undisputed. LeBlanc alleged that Lee called her at work in July 2014 even though she had not told him where she worked or given him that telephone number. She alleged that Lee sent her text messages in August 2014 even though she had not given him her new cell phone number and had asked him to not contact her. She alleged that Lee took Ja. and Jo. to a movie theater without her permission in August 2014. She alleged that Lee went to Ja.'s school in October 2014 to visit Ja. and his teachers

2

without her permission. She alleged that Lee regularly attended the boys' football games. Lee disputed some of LeBlanc's allegations, including the allegation that he has, in the boys' presence, made threats of violence toward T.S. and anyone who would "get[] in between" him and the boys. LeBlanc alleged that Lee's actions make her and the boys fearful and anxious and constitute an invasion of their privacy.

A referee issued a temporary *ex parte* HRO and scheduled a hearing on the petition. The referee held an evidentiary hearing on two days in March and April of 2015. LeBlanc was represented by counsel; Lee appeared *pro se*. LeBlanc and T.S. testified in support of the petition, and Lee testified in opposition. Neither Ja. nor Jo. testified.

In April 2015, the referee signed a seven-page order with findings of fact, conclusions of law, and a recommended order for judgment. The referee found that LeBlanc "has not shown, by a preponderance of the evidence, that [Lee] has committed acts which substantially and adversely affect her safety, security, and privacy." The referee made a corresponding finding with respect to Ja. and Jo. The referee made an ultimate finding that LeBlanc "failed to provide sufficient facts to show that [Lee] has engaged in harassment within the meaning of Minn. Stat. § 609.748." Accordingly, the referee determined that the petition should be denied and that the temporary *ex parte* HRO should be vacated. The referee commented, however, that its decision does not "insulate [Lee] from a future finding if the degree or nature of his behavior as to Petitioners increases or changes" and "cautioned [Lee] to recognize the paramount rights of Petitioner as to the children." A district court judge signed the order, and judgment was entered. *See* Minn.

Stat. § 484.70, subd. 7(b), (c) (2014) (providing for recommendation by referee and confirmation by district court judge). LeBlanc appeals.

**D E C I S I O N**

LeBlanc argues that the district court erred by finding that Lee did not engage in harassment and by denying the petition.

A district court may issue an HRO that "order[s] the respondent to cease or avoid the harassment of another person or to have no contact with that person" if the court finds "that there are reasonable grounds to believe that the respondent has engaged in harassment." Minn. Stat. § 609.748, subd. 5(a) (2014). "Harassment," for purposes of an HRO, is defined by statute to include

> [1] a single incident of physical or sexual assault or
> [2] repeated incidents of intrusive or unwanted acts, words, or
> gestures that have a substantial adverse effect or are intended
> to have a substantial adverse effect on the safety, security, or
> privacy of another, regardless of the relationship between the
> actor and the intended target.

Minn. Stat. § 609.748, subd. 1(a)(1) (2014).

This court applies a clear-error standard of review to a district court's findings of fact concerning a petitioner's allegations of harassment. *Kush v. Mathison*, 683 N.W.2d 841, 843-44 (Minn. App. 2004), *review denied* (Minn. Sept. 29, 2004). In reviewing the district court's factual findings, "due regard is given to the district court's opportunity to judge the credibility of witnesses." *Id.* A district court that finds that a person has engaged in harassment "may issue" an HRO. Minn. Stat. § 609.748, subd. 5(a); *see also Kush*, 683 N.W.2d at 843; *Eisenschenk v. Eisenschenk*, 668 N.W.2d 235, 242 n.5 (Minn. App. 2003)

4

(stating that "may" is permissive), *review denied* (Minn. Nov. 25, 2003). To the extent that a district court's order depends on issues of statutory interpretation, this court applies a *de novo* standard of review. *Peterson v. Johnson*, 755 N.W.2d 758, 761 (Minn. App. 2008).

In this case, the district court's order reflects a careful review and assessment of the evidentiary record and an informed understanding of the relevant facts. The district court's findings carefully trace the history of the relationships between and among the parties, as well as the relationships between the parties and T.S. The district court noted the circumstances surrounding each of the incidents that LeBlanc alleged in her petition or introduced into evidence at the hearing. The district court also identified with specificity the evidence that tended to explain or ameliorate Lee's conduct. Significantly, the district court noted that LeBlanc's interactions with Lee changed after she became involved with T.S. The district court noted LeBlanc's testimony that Ja. and Jo. are fearful of Lee but refrained from adopting that evidence as a finding of fact, due in part to the fact that the children did not testify. The district court repeatedly noted Lee's testimony that he loves Ja. and Jo. and expressly found that testimony to be credible.

**A.**

LeBlanc first contends that the district court's findings of historical fact compel the district court to find that Lee engaged in harassment. Because there was no evidence of physically assaultive conduct, LeBlanc must show that Lee engaged in "repeated incidents of intrusive or unwanted acts, words, or gestures that have a substantial adverse effect or are intended to have a substantial adverse effect on the safety, security, or privacy of another." Minn. Stat. § 609.748, subd. 1(a)(1); *see also Peterson*, 755 N.W.2d at 763-66

(considering evidence of non-physical acts). We need not dwell on whether the evidence reveals "repeated incidents" or whether they are "unwanted"; rather, the key factual issue is whether Lee's conduct had "a substantial adverse effect on the safety, security or privacy" of LeBlanc, Ja., or Jo. More specifically, LeBlanc's argument focuses on the third interest protected by the statute: privacy.

The district court's ultimate finding is not clearly erroneous because the evidence does not conclusively establish that Lee's conduct had "a substantial adverse effect" on the privacy of LeBlanc, Ja., or Jo. *See* Minn. Stat. § 609.748, subd. 1(a)(1). Some of the incidents at issue do not implicate privacy concerns because they occurred in a public place. *See Peterson*, 755 N.W.2d at 764-65 (concluding that respondent's peering inside parked vehicle one time in public place did not have substantial adverse effect on petitioner's privacy). In addition, the incident in which Lee took Ja. and Jo. to a movie does not appear to have been substantially adverse because Lee already was present at LeBlanc's home, visiting S., when he, S., and LeBlanc's adult son decided to go to a movie with Ja. and Jo. We are mindful that Lee's conduct is somewhat in tension with LeBlanc's interest in raising her children without the interference of a person who is not a member of her family. *See Troxel v. Granville*, 530 U.S. 57, 65, 120 S. Ct. 2054, 2060 (2000); *SooHoo v. Johnson*, 731 N.W.2d 815, 821 (Minn. 2007). The district court described this part of the evidentiary record as "more nuanced." But the district court found that, in those situations, Lee did not engage in threatening conduct, and it appears from the record that Lee did not attempt to circumvent the authority of school officials or the organization that sponsors the football program. Considering the record as a whole, the district court had an adequate evidentiary

basis from which it could find that Lee's conduct did not have a "*substantial* adverse effect on" the privacy of LeBlanc or the children.  *See* Minn. Stat. § 609.748, subd. 1(a)(1) (emphasis added).

We conclude that the district court did not clearly err in its ultimate finding that Lee did not engage in harassment.

**B.**

LeBlanc also contends, in the alternative, that the district court clearly erred in three findings of fact and that this court should remand the matter to the district court for amended findings and further consideration of the merits of the petition.

First, LeBlanc contends that the district court clearly erred by finding that, when Lee went to Ja.'s school, Lee was not allowed to visit with Ja.  LeBlanc refers to Lee's trial testimony, in which he testified that he was allowed briefly to see Ja., hug him, and speak with one of his teachers.  Accordingly, LeBlanc is correct that the district court's order is clearly erroneous on this specific factual issue.  But LeBlanc has not shown that the erroneous finding of fact made a difference in the outcome of the case.  LeBlanc does not explain why a correct finding of fact concerning Lee's visit to the school would have caused the district court to find that Lee's actions actually had "a substantial adverse effect" on Ja.'s privacy.  *See* Minn. Stat. § 609.748, subd. 1(a)(1).  Thus, the district court's erroneous factual finding is harmless error.  *See* Minn. R. Civ. P. 61; *see also Renswick v. Wenzel*, 819 N.W.2d 198, 206 (Minn. App. 2012), *review denied* (Minn. Oct. 16, 2012).

Second, LeBlanc contends that the district court clearly erred by finding that "no specific information . . . was presented at trial" about protective orders that LeBlanc

7

previously had sought against Lee. LeBlanc points to Lee's trial testimony, in which he agreed that he twice violated protective orders that LeBlanc had obtained against him. The district court appears to have been well aware of the evidence concerning the protective orders, which were filed in 2001, 2002, 2008, and 2012. During the evidentiary hearing, the district court took judicial notice of the protective orders. In its order, the district court stated that Lee's violations of the protective orders "are quite remote in time, and none involved proof of an assault upon Petitioner." The district court expressly considered whether Lee's prior violations of the protective orders tended to prove that he engaged in harassment in 2014 but concluded that the prior violations were "far too remote and convoluted to enable any firm conclusions based thereon." We defer to the district court's ability to evaluate and weigh the evidence. *See In re Welfare of Children of M.A.H.*, 839 N.W.2d 730, 743 (Minn. App. 2013). Thus, the district court did not clearly err by not placing more weight on LeBlanc's evidence concerning Lee's prior violations of protective orders.

Third, LeBlanc contends that the district court clearly erred by relying on its finding that Lee loves Ja. and Jo. A petitioner may prove harassment by showing that a person's actions either "have a substantial adverse effect" on another person's privacy or "are intended to have a substantial adverse effect" on another person's privacy. *See* Minn. Stat. § 609.748, subd. 1(a)(1). The district court's finding concerning Lee's affection for the children may be directly relevant to the second method of proof, which is concerned with whether Lee's actions were "intended to have a substantial adverse effect" on LeBlanc's privacy or the children's privacy. *See id.* The district court's finding concerning Lee's

8

affection for the children also may be relevant to the first method of proof, which requires a petitioner to prove "first, 'objectively unreasonable conduct or intent on the part of the harasser,' . . . and, second, 'an objectively reasonable belief on the part of the person subject to harassing conduct.'" *Peterson*, 755 N.W.2d at 764 (quoting *Dunham v. Roer*, 708 N.W. 2d 552, 567 (Minn. App. 2006), *review denied* (Minn. Mar. 28, 2006)). The district court's finding concerning Lee's affection for the children is not irrelevant to the issues in dispute. Thus, the district court did not clearly err by finding that Lee loves Ja. and Jo.

We conclude that the district court did not commit reversible error in any of its findings of fact.

**Affirmed.**